IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ORVILLE W. MURPHY,**

    Petitioner,

vs.                                                 Cause No.  1:10-cv-103 MV/DJS

**RAY TERRY, Warden, Otero County Processing Center,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 14], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends that the *United States' Motion to Dismiss for Lack of Ripeness Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on February 16, 2010* [Doc. 7], filed March 5, 2010, be denied.

**I.     BACKGROUND**

Mr. Murphy, who is proceeding *pro se* and *in forma pauperis*, filed an amended *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3] on February 16, 2010.  The Petition alleges he is a native and citizen of Jamaica and that he is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE").  [Doc. 3, ¶¶ 1, 6.]  According to the Petition, he has been in ICE

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

custody continuously since September 8, 2008. [Id., ¶ 6.] The Petition further alleges that an Immigration Judge ordered Mr. Murphy removed on October 3, 2009, that he appealed the Immigration Judge's decision, and that the decision "was not sustained." [Id.] The Court infers from the allegations in the Petition that an appeal in Mr. Murphy's case is still pending and that he has no final order of removal. [Id., ¶ 20.] He requests the Court grant him a "bond redetermination" so that he may be released pending resolution of his immigration proceedings. [Id., ¶ 27.]

## II.     DISCUSSION

Respondent has moved to dismiss on the grounds that the Court lacks jurisdiction because the Petition is not ripe. [Doc. 7.] According to Respondent, the case is not ripe because the 90-day statutory "removal period" provided by 8 U.S.C. § 1231(a) has not begun to run.[2]

The Court is unpersuaded by Respondent's argument that Mr. Murphy must wait until he receives a final order of removal and the removal period begins before he may challenge his detention. To the contrary, the Court has jurisdiction to consider habeas challenges to detention by alien detainees, such as Mr. Murphy, who do not yet have a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708 (2003) (finding jurisdiction and then proceeding to consider the merits of habeas claim of alien detained during removal proceedings). Respondent relies on *Zadvydas v. INS*, 533 U.S. 678, 121 S.Ct. 2491 (2001) to support his proposition that the claim is not ripe. However, in *Demore*, the Supreme Court distinguished *Zadvydas* on the very grounds that apply here: that the aliens challenging their detention in *Zadvydas* had final orders of removal, while the aliens in *Demore*

---

[2]The "removal period" begins to run on the later of:
 (i)  The date the order of removal becomes administratively final;
 (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;
 (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
8 U.S.C. § 1231(a)(1).

challenged detention "*pending their removal proceedings*." *Demore*, 538 U.S. at 527–28, 123 S.Ct. at 1720 (emphasis in original).

Mr. Murphy, according to the pleadings, is not a post-removal-period alien like the ones in *Zadvydas*. He allegedly does not have a final order of removal, and there is no indication from the record when such an order is forthcoming, if at all. Accordingly, *Zadvydas* does not govern the question of ripeness, and the Court concludes the case is ripe for review.

## III.  RECOMMENDATION

The Court recommends that the *United States' Motion to Dismiss for Lack of Ripeness Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on February 16, 2010* [Doc. 7], filed March 5, 2010, be denied.

_____
**DON J. SVET**
**United States Magistrate Judge**