IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ORVILLE W. MURPHY,**

      Petitioner,

vs.                                               Cause No.  1:10-cv-103 MV/DJS

**RAY TERRY, Warden, Otero County
Processing Center,**

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings* [Doc. 14], entered April 28, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends that the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3], filed February 16, 2010, be **dismissed without prejudice.**

**I.    BACKGROUND**

Mr. Murphy, who is proceeding *pro se* and *in forma pauperis*, alleges he is a native and citizen of Jamaica who has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico since September 8, 2008.  [Doc. 3, ¶¶ 1, 11.]  The documents filed in this case indicate Mr. Murphy had been detained pending efforts of the Department of Homeland Security to deport him.  [Docs. 3, 8, 9, 10, 11, 12, 13, 14.]

Through his habeas petition, Mr. Murphy sought to compel a "bond redetermination"

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

presumably to enable his release from custody pending the outcome of the removal proceedings. [Doc. 3 at 5.] Initially, Respondent moved to dismiss on the grounds that the petition was not ripe. [Doc. 7.] The undersigned issued a recommendation that the Respondent's motion be denied. [Doc. 16.] Shortly thereafter, however, Respondent filed a second motion to dismiss indicating that the circumstances of the case had changed. [Doc. 17.] The second motion to dismiss alleged that Mr. Murphy had, since filing his petition, become subject to a final order of removal and was tentatively scheduled for removal to Jamaica on August 26, 2010. [Id. at 17.]

Given the reported removal date, the Court issued a *Status Report Order* directing Respondent to report on the status of Mr. Murphy's removal proceedings. [Doc. 10.] Respondent's *Status Report*, filed September 16, 2010, indicated that removal had been delayed pending receipt of travel documents from the Jamaican government and that Respondent was in the process of requesting ICE release Mr. Murphy on supervision. [Doc. 20.]

On September 23, 2010, Respondent filed an amended second motion to dismiss which asserted that Mr. Murphy had in fact been released from ICE custody under terms of supervision; based on these new circumstances, Respondent requested dismissal on the grounds that the petition has been rendered moot. [Doc. 21.] The Court directed Respondent to obtain the address to which Mr. Murphy had been released and serve the motion, as well as the order directing service, on him there. [Doc. 22.] The Court's order further advised Mr. Murphy that if he wished to avoid dismissal he should respond to the motion and explain why his petition had not been rendered moot by his release from custody. [Id.] A certificate of service filed September 27, 2010, certifies that the documents were served on Mr. Murphy at an address in Queens Village, New York on September 24, 2010.[2] [Doc. 23.] To date, Mr. Murphy

---

[2] All documents filed in this case have also been served on Mr. Murphy at his address of record, which is the Otero County Processing Center.

has failed to respond to the amended second motion to dismiss or to the Court's order.

## II.   DISCUSSION

"Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F.App'x 850, 851 (10th Cir. 2010) (unpublished) (citing *Alvarez v. Smith*, ___ U.S. ___, 130 S.Ct. 576, 580, 175 L.Ed.2d 447 (2009)).  "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction."  *Id.* at 851–52 (citing *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.2007)).

An alien's release from detention does not automatically moot his petition if he was in custody at the time of filing.  *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that custody requirement only requires that petitioner be "in custody" at the time petition was filed).  However, to maintain the action after his release, Mr. Murphy must demonstrate that serious collateral consequences of his incarceration exist—*i.e.*, that there is "some concrete and continuing injury"—despite his release.  *Spencer*, 523 U.S. at 7.

The Court afforded Mr. Murphy the opportunity to identify a concrete and continuing injury by responding to the Respondent's motion.  He has failed to do so and thus failed to meet his burden.  The Court therefore concludes this case is moot.

## III.   RECOMMENDATION

The Court recommends the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 3], filed February 16, 2010, be dismissed without prejudice.

_____
**DON J. SVET**
**United States Magistrate Judge**

3